UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIOPSYS, INC.<br><br>                Plaintiff,<br><br>    v.<br><br>KONAN MEDICAL USA, INC.<br>                Defendant. | Civil Action No. _____<br><br>**COMPLAINT AND JURY DEMAND**<br><br>ECF Case |

Plaintiff, Diopsys, Inc., ("Diopsys" or "Plaintiff") hereby sues Defendant Konan Medical USA, Inc. ("Konan" or "Defendant") and alleges as follows:

### THE PARTIES

1. Plaintiff is a corporation of the State of New Jersey having a place of business at 16 Chapin Road, Suite 912, Pine Brook, New Jersey 07058.

2. Plaintiff is a medical instrumentation company specializing in vision testing equipment.

3. On information and belief, Defendant Konan is a California corporation having a place of principal business at 15 Marconi, Suite A, Irvine, CA 92618.

### JURISDICTION AND VENUE

4. This action is a civil action arising under the patent laws of the United States.

5. The jurisdiction of this Court arises under 28 U.S.C.§§ 1331 (federal question) and §§1338(a) and (b) (patent action).

6. Upon information and belief, Defendant is engaged in the business of developing, manufacturing, and selling medical instruments used in vision testing.

7. Upon information and belief, Defendant offers products on the internet through its website, www.konanmedical.com, and conducts business throughout the United States and the

State of New Jersey.

8. This Court has personal jurisdiction over Defendant because Defendant resides in this State, has conducted commercial activities, and/or continues to conduct commercial activities within the state of New Jersey. On information and belief, Defendant directly and/or through intermediaries, makes, uses, imports, provides, offers for sale and/or sells its products and services, including but not limited to the products and/or services that are accused of infringement in this lawsuit, within the state of New Jersey and in this judicial district. On information and belief, Defendant has committed and continues to commit acts of direct and indirect infringement in this judicial district by making, using, importing, providing, offering for sale, and/or selling infringing products and/or providing infringing services in New Jersey, as alleged hereafter. In addition, Defendant regularly does and/or solicits business or engages in other persistent course of conduct or derive substantial revenue from goods used or consumer services rendered in the State of New Jersey that violate Plaintiff's patent rights or reasonably expect or should have expected the act of violating Plaintiff's patent rights to have consequences in New Jersey, and Defendant has derived substantial revenue from interstate commerce.

9. Venue is proper in this district under 28 U.S.C. §§ 1391 (b), (c), and/or (d) and 28 U.S.C. §§ 1400(a) and/or (b), for the reasons, inter alia, that Defendant resides in this district, does business in this district and/or has committed acts of infringement in this district.

10. On information and belief, Defendant's activities constitute purposeful activities in New Jersey in relation to the cause of action alleged.

## BACKGROUND

11. Dr. George Z. Hu ("Hu") was a full-time employee of Diopsys from on or about January, 2001 to on or about June, 2003.

12. During Hu's employment at Diopsys, Hu invented a technology that deals with vision examination using interrupt signals for synchronizing visual evoked potential sampling rate with visual stimulus (the "Interrupt Signal Technology"). Subsequently, on or about August 7, 2001, Hu filed a patent application entitled "System and Method for Vision Examination Using Interrupt Signals for Synchronizing Visual Evoked Potential Sampling Rate with Visual Stimulus." The U.S. Patent Office ultimately approved such application, and it matured into U.S. Patent No. 6,475,162 (the '162 Patent) entitled "System and Method for Vision Examination Using Interrupt Signals for Synchronizing Visual Evoked Potential Sampling Rate with Visual Stimulus." A true and correct copy of the '162 patent is attached as Exhibit 1.

13. Hu assigned any and all rights to the '162 Patent to Diopsys on or about August 7, 2001.

14. Diopsys is the sole owner of the entire rights, title, and interest in and to the '162 Patent.

15. On or about April, 2015, Plaintiff learned that Konan was utilizing certain signal technology in a product sold as EvokeDx ("EvokeDX") which Konan offers for sale and sells.

16. Plaintiff conducted an investigation and concluded that Konan's EvokeDX product infringes the '162 Patent owned by Plaintiff. Furthermore, it appears that Hu licensed certain technologies to Konan, which is part of the EvokeDX product.

17. Upon information and belief, before Defendant was named in this lawsuit, Defendant was aware of the signal technology in the '162 Patent.

18. Defendant never requested permission from Diopsys to use the signal technology covered by the '162 Patent.

19. Defendant continues to promote, offer for sale and sell its EvokeDx products.

**FIRST CLAIM FOR RELIEF**

**Direct Patent Infringement of U.S. Patent No. 6,475,162**

20.     Plaintiff incorporates paragraphs 1 through 19 of this complaint as if set forth in full herein.

21.     Plaintiff has the right to sue and recover for infringement of the '162 Patent.

22.     Defendant has directly infringed and continues to infringe, either literally and/or under the doctrine of equivalents, the '162 Patent by making, using, providing, offering, offering for sale, and/or selling in the United States certain methods, equipment, and/or systems disclosed and claimed in the '162 patent, including, but not limited to Defendant's EvokeDx product.

23.     Defendant has infringed and is still infringing, one or more claims of the '162 Patent, including but not limited to those claims listed below, and such infringement is occurring in this district and elsewhere in the United States, by making, using, selling, and offering for sale products that embody the inventions claimed in the '162 Patent under 35 U.S.C. 271(a).

24.     Defendant directly infringes and continues to infringe Claim 1 of the '162 patent by making, using and selling a device that contains each and every element thereof – at least as set forth in paragraphs 25-31 hereinafter.

25.     Defendant's EvokeDx system has an OLED Monitor which is "a means for presenting a series of sensory stimuli for perception by a patient" as set forth in Claim 1." (See e.g. Exhibit A, page 5)

26.     Defendant's EvokeDx system processor has a "contrast-reversing checkerboard stimulus" routine, which is a "means for generating electrical signals representing said patient's evoked potentials in response to said sensory stimuli" as set forth in Claim 1. (See e.g. Exhibit B, page 10-11)

27. Defendant's EvokeDx system includes "electrode/electrode cables" which are a "means connected to said generating means for detecting said signals" as set forth in Claim 1. (See e.g. Exhibit A, page 7)

28. Defendant's EvokeDx system is provided with an "Integrated Double Shielded 2 – Channel Amplifier" which is a "means connected to said detecting means for amplifying said signals" as set forth in Claim 1. (See e.g. Exhibit A, page 1)

29. Defendant's EvokeDx system is equipped with "Single or dual channel recording," which is a "means connected to said amplifying means for recording data representative of said signals" as set forth in Claim 1. (See e.g. Exhibit C)

30. Defendant's EvokeDx system processor performs "Advanced, multivariate analytics [to] distill the complex VEP waveform in easy to interpret result," "Provides clear statistical assessment to determine if two response functions…differ significantly," and uses "Statistical criteria…to determine if each frequency response…is significant," all of which constitute "means connected to said recording means for measuring said data" as set forth in Claim 1. (See e.g. Exhibit A, page 3)

31. Defendant's EvokeDx system performs "Synchronous data collection" whereby, "data collection is synchronized with the stimulus frame rate" which is a "means connected to said measuring means for synchronizing the presentation of said series of sensory stimuli with the rate of sampling said evoked potential signals by generating interrupt request signals for initiating and conducting said sampling" as set forth in Claim 1. (See e.g. Exhibit C)

32. Defendant's EvokeDx system also directly infringes on one or more of the Claims depending from Claim 1.

33. Defendant directly and indirectly infringes Claim 8 of the '162 patent by making,

using and selling the EvokeDx device which performs each and every method step recited therein – at least as set forth in paragraphs 25-31 herein.

34. Defendant directly and indirectly infringes Claim 11 of the '162 patent by making, using and selling the EvokeDx device which performs each and every method step recited therein, inter alia, by performing "Synchronous data collection," where the synchronization is controlled via a "graphics card." (See e.g. Exhibit D, 5:40-44)

35. Plaintiff provided notice of its patent rights as set forth in the '162 Patent in full compliance with the provisions of 35 U.S.C. §287(a).

## SECOND CLAIM FOR RELIEF

### Contributory Patent Infringement of U.S. Patent No. 6,475,162

36. Plaintiff incorporates paragraphs 1 through 35 of this complaint as if set forth in full herein.

37. In addition to the allegations of direct infringement alleged in the preceding paragraphs, Defendant has contributorily infringed and is contributorily infringing the '162 Patent by making, using, utilizing, offering, offering for sale, and/or selling in the United States certain systems or parts thereof disclosed and claimed in the '162 Patent, including but not limited to the EvokeDx product. By these and other acts, Defendant has contributed and continues to contribute to the infringement of one or more claims of the '162 Patent.

## THIRD CLAIM FOR RELIEF

### Inducement of Patent Infringement of U.S. Patent No. 6,475,162

38. Plaintiff incorporates paragraphs 1 through 37 of this complaint as if set forth in full herein.

39. In addition to the allegations of direct and contributory infringement alleged in the

preceding paragraphs, Defendant has infringed indirectly and continues to infringe indirectly the '162 Patent by active inducement under 35 U.S.C.§ 271(b) by making, using, utilizing, offering, offering for sale, and/or selling certain methods and/or systems disclosed and claimed in the '162 Patent, including but not limited to the EvokeDx product, which end-users thereof use and perform the method steps set forth in Claims 8-11 thereof. Furthermore, Defendant provides instructions and other guidance which enable end-users to use the claimed system and perform the method steps set forth in Claims 8-11 of the '162 patent. By these and other acts, Defendant has induced and continues to induce others, including customers and end-users, to directly infringe one or more claims of the '162 Patent.

40. The infringement by Defendant of the '162 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

41. Defendant will continue to infringe the '162 Patent unless enjoined by this court.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

43. Plaintiff seeks enhanced damages pursuant to 35 U.S.C. §284 and a finding that this is an exceptional case within the meaning of 35 U.S.C. §285, entitling Plaintiff to its attorneys' fees and expenses.

44. Defendant's acts of infringement has caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant Konan as follows:

(1)  for Judgment that Defendant Konan, its officers, agents, servants, employees, representatives, attorneys and all persons acting in active concert or participation with it, be found to have infringed the '162 Patent;

(2)  For an Order enjoining Defendant Konan, its officers, agents, servants, employees, representatives, attorneys and all persons acting in active concert or participation with it from making, using, selling, or offering for sale products, services and/or product packaging which infringe the '162 Patent;

(3)  For an Order enjoining and restraining Defendant Konan, its officers, agents, servants, employees, representatives, attorneys and all persons acting in active concert or participation with it from inducing infringement of the '162 Patent;

(4)  That Plaintiff be compensated for the damages caused by Defendant Konan's infringement under 35 U.S.C. §284, in an amount to be determined by an accounting, but not less than a reasonable royalty plus interest;

   a. That the award of damages for this exceptional case be trebled as provided by 35 U.S.C. §284;

   b. That Plaintiff be awarded its costs and attorneys fees incurred in prosecuting this action, including reasonably attorney's fees, as provided for by 35 U.S.C. §285, (plus interest); and

   c. Such other and further relief as the court deems just and equitable; and

(5)  Ordering Defendant to turn over to the Court or to Plaintiff or to destroy within ten (10) days from the entry of any Final Judgment or Preliminary Decree entered in this action,

all property owned by Defendant which unlawfully violates the '162 Patent, any infringing product literature owned by Defendant, and all other works owned by Defendant that infringe the '162 Patent, including an award of costs incurred by Plaintiff for the destruction of said articles and product packaging.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: July 30, 2015

        **REITLER KAILAS & ROSENBLATT LLC**

By:   s/ Brett Van Benthysen
      Brett Van Benthysen
      885 Third Avenue, 20th Floor
      New York, NY 10022
      Telephone: (212) 209-3045
      Facsimile: (212) 371-5500
      Email: bvanbenthysen@reitlerlaw.com

      **LEVISOHN BERGER LLP**
      Peter L. Berger (PB-0121)
      Tuvia Rotberg (TR-8787)
      11 Broadway, Suite 615
      New York, New York 10004
      Telephone: (212) 486-7272
      Facsimile: (212) 486-0323
      Email: pberger@llbl.com
            trotberg@llbl.com

*Attorneys for Plaintiff Diopsys, Inc.*