NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KONAN MEDICAL USA, INC., GEORGE HU and VANCE ZEMON, <br><br> Defendants. | Action No. 2:15-cv-5882 (WHW)(CLW) <br><br> **OPINION & ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's motion for leave to amend and Defendants' opposition thereto. (ECF Nos. 84, 91, 94.)[1] The Court heard informally from the parties but otherwise declined to hear oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

Plaintiff instituted this patent suit with respect to its "System and Method for Vision Examination Using Interrupt Signals for Synchronizing Visual Evoked Potential Sampling Rate with Visual Stimulus[]" (the '162 Patent) and Defendants' alleged infringement thereof through the EvokeDx, which is a visual electrophysiology instrument. (Am. Compl., ECF No. 17, ¶¶ 18-47; Opp., Buckingham Cert., Ex. 1, ECF No. 91-1, at 4.)[2] Plaintiff now seeks to add five claims regarding two additional patents based on "additional facts obtained from examining Konan's products[.]" (Motion, ECF No. 84, at 7; Prop. Sec. Am. Compl., ECF No. 84-5; Derr Decl., ECF No. 84-6.) In particular, Plaintiff alleges that the EvokeDx system infringes on its '795 Patent and

---

[1] References use page numbers assigned by CM/ECF.
[2] Plaintiff also sought reformation and declaratory judgment in relation to a settlement agreement concerning Plaintiff's "Method and Apparatus for an Automated Procedure to Detect and Monitor Early-Stage Glaucoma" (the '650 Patent) insofar as the agreement erroneously referred to the '162 Patent. (Am. Compl., ¶¶ 48-86.) Although Plaintiff includes them in the proposed second amended complaint, Prop. Sec. Am. Compl., ECF No. 84-5, ¶¶ 51-89, these claims were resolved by stipulation. (Order, ECF No. 90; Opp., ECF No. 91, at 19-22; Reply, ECF No. 94, at 9, n.4; Berger Reply Decl., ECF No. 94-1, ¶ 21.)

'189 Patent. (Prop. Sec. Am. Compl., ¶¶ 90-125.) Plaintiff further seeks to add a claim for trademark infringement arising out of Konan's "cybersquatting" and "unlawful purchase of the DIOPSIS domain name" as well as claims for copyright infringement relating to Defendants' use of Plaintiff's source code in the EvokeDx and for product disparagement under New Jersey law. (Id., ¶¶ 126-48.)

Defendants oppose the motion based on futility, undue delay, and prejudice. (Opp., at 18-36.) Defendants argue, in part, that Plaintiff's motivation for the instant motion is "entirely tactical[,]" that the proposed amendments are so disjointed that "there would be no noticeable efficiencies when it comes to any of the new claims or defenses[,]" and that the Court lacks jurisdiction over the proposed amendments. (Id.)

A party may amend its pleadings with the Court's leave when justice so requires, and it is within the Court's sound discretion to grant or deny a request for leave to amend. Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Though the policy concerning amendments is not unbounded, leave to amend is freely given and the Court takes a liberal approach to the amendment of pleadings to ensure that a particular claim will be decided on the merits. Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990); Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984), cert. denied, 469 U.S. 871 (1984). However, leave to amend may be denied on account of undue delay, bad faith, dilatory motive, prejudice, or futility. Foman, 371 U.S. at 182.

A careful review of the docket, coupled with Plaintiff's credible certifications, disposes of the bulk of the instant dispute. Although Plaintiff commenced this action on July 30, 2015, the parties submitted a series of stipulations that effectively stayed the matter through the end of 2015. (ECF Nos. 5-12.) Plaintiff thereafter filed its amended complaint on January 5, 2016, ECF No. 17,

and the Court entered its initial scheduling order on March 2, 2016. (ECF No. 40.) In these early stages of the case, the parties apparently reached an impasse regarding Plaintiff's examination of the EvokeDx, which is expensive and "not widely available"; Konan condemns Plaintiff's rejection of its "very early offer to allow Diopsys experts to inspect an EvokeDx," while Plaintiff asserts that Konan's offer was "unsatisfactory" because only Plaintiff's outside expert could examine the machine under Konan's supervision and Plaintiff's "personnel are best able to determine from the EvokeDx machine's operations what processes are likely being used within the machine." (Derr Decl., ECF No. 84-6, ¶¶ 5-6; Berger Decl., ECF No. 84-2, ¶ 3; Opp., ECF No. 91, at 9-10; Berger Reply Decl., ECF No. 94-1, ¶ 15.)

During mid- to late-2016, protracted discovery disputes requiring the Court's intervention arose not only among the parties but also with respect to third parties. (ECF Nos. 51-55, 65, 67-72.) Then, in November 2016 Plaintiff obtained a "used Konan EvokeDx on the market[]" for examination. (Derr Decl., ECF No. 84-6, ¶ 7; Berger Decl., ECF No. 84-2, ¶ 4.) Plaintiff thereafter examined and utilized the machine and, in conjunction with its examination of Konan underlid sensors and review of Konan's partial source code disclosure, concluded that Defendant infringed the '795 Patent, infringed the '189 Patent, and violated Plaintiff's copyrights. (Derr Decl., ECF No. 84-6, ¶¶ 7-9; Berger Decl., ECF No. 84-2, ¶¶ 5-7.) In addition, Plaintiff represents that "[t]he allegation of trademark infringement arose" in 2016, though it only recently became ripe for assertion as an amendment because previously the "complained of activity was resolved and damages were not clear enough." (Berger Decl., ECF No. 84-2, ¶ 11.) Finally, in January 2017, Plaintiff communicated the proposed revisions to Defendants but the parties could not agree to a stipulation. (Berger Decl., ECF No. 84-2, ¶¶ 5-6.) On March 10, 2017, Plaintiff timely filed the instant motion. (Amended Scheduling Order, ECF No. 82; Motion, ECF No. 84.)

"The passage of time, without more, does not require that a motion to amend a complaint be denied[.]" Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984) (citations omitted). "The question of undue delay, as well as the question of bad faith, requires that" the Court focus on the moving party's motives for not amending the complaint earlier and "the issue of prejudice requires that [the Court] focus on the effect on the defendants." Id. Here, considering the above summary of the progress of the case, there is no basis to conclude that leave to amend should be denied on the basis of delay, bad faith, or prejudice. Simply put, delays in the case are explained not by the nefarious reasons submitted by Defendants, but rather are attributable to stipulations and good faith discovery disputes. In particular, Defendants offer no evidence through certifications or exhibits to explain how the third-party discovery dispute or the parties' dispute regarding the EvokeDx inspection were unreasonable, while Plaintiff offers a credible narrative that defeats any suggestion of improper motive and comports with the Court's reading of the docket. And, though the Court shares Defendants' concern for the efficient conduct and swift resolution of this case, the complexity of the matter necessarily influences its timeline and the Court discerns no basis for attributing the case's lifespan to Plaintiff. Similarly, the Court discerns no evidence of prejudice to Defendants where delays are attributable to stipulations, case investigation, and bona fide disputes and where Defendants offer no evidence that they will incur considerable costs as result of the amendments. Related to this point, the Court rejects Defendants' contention, Opp., at 25-29, that Plaintiff caused delay by seeking certain discovery but then apparently not using it as anticipated; not only has the Court not received an objection from the third parties at issue, but also the Court will stop well short of requiring parties to craft motion papers to refer to or otherwise to incorporate all discovery properly obtained.[3]

---

[3] The Court likewise does not discount Plaintiff's discussion of the discovery's utility. See Berger Reply Decl., ECF No. 94-1, ¶¶ 3-5.

The Court next considers whether the proposed claims are futile for want of jurisdiction and whether the proposed copyright claim is futile for failure properly to allege a copyright violation. See Opp., ECF No. 91, at 31-35. An amendment is futile if it fails to state a claim upon which relief may be granted or advances a claim that is legally insufficient on its face. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citing In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007)); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

Defendants argue that each proposed claim is futile for want of personal jurisdiction over Konan and dispute the existence of supplemental jurisdiction as to the proposed state law product disparagement claim. (Opp., ECF No. 91, at 22-25, 34-35.) Plaintiff provides, in pertinent part, the following bases for jurisdiction:

> 6. The jurisdiction of this Court arises under 28 U.S.C. § 1331, and §§ 1338(a) and (b). The Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims because the claims form part of the same case or controversy as the federal patent law claim.
> 7. This Court has personal jurisdiction over Konan because Konan has conducted commercial activities, and/or continues to conduct commercial activities within the state of New Jersey. Konan is engaged in the business of developing, manufacturing, and selling medical instruments used in vision testing.
> 8. Konan offers products and information about purchasing products on the internet through its interactive website, www.konanmedical.com, and it admits to conducting business throughout the fifty States of the United States including in the State of New Jersey. Konan also offers downloadable software applications on its website and additionally sells software applications through third party platforms such as Google Play and Apple's App Store.
> 10. This Court has personal jurisdiction over Hu because Hu is a resident of New Jersey.

(Prop. Sec. Am. Compl., ECF No. 84-5, ¶¶ 6-8, 10.) Plaintiff also contends that "the Court has both general and specific jurisdiction over Konan and Hu[]" and that the Court has pendent jurisdiction over the proposed claims because they "arise from the same nucleus of operative facts as Plaintiff's claim for Defendants' infringement of" the '162 Patent. (Reply, ECF No. 94, at 6.)

Upon review of Plaintiff's bases for jurisdiction and allegations, the Court is satisfied that Plaintiff demonstrated that jurisdiction exists as to all the proposed claims. And, while Defendants attempt to distinguish between the different patents at issue (or no longer at issue), it is plain that that the claims and allegations arise out of Defendants' development and sale of the EvokeDx insofar as the instrument relates to Plaintiff's intellectual property and place in the market. Defendants, that is, have "purposefully directed [their] activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96-97 (3d Cir. 2004) (discussing burden of establishing jurisdiction and factors to be considered for specific jurisdiction); Reply, ECF No. 94, at 8-9 (highlighting Defendants' admissions to conducting commercial activities in New Jersey). Similarly, a finding of jurisdiction here does not offend notions of fair play and substantial justice, see id., because Defendants have actively litigated this matter since its inception and the nature of the dispute remains centered on the EvokeDx. See Berger Reply Decl., ECF No. 94-1, ¶ 14 (asserting that operation of EvokeDx violates three patents). Supplemental jurisdiction over the product disparagement claim is likewise appropriate as the claims arise out of the same core of operative facts. See 28 U.S.C. § 1367. The Court also has general jurisdiction over Defendants by virtue of such commercial activities and Defendant Hu's residence. See Prop. Sec. Am. Compl.,

ECF No. 84-5, ¶¶ 6-15.[4] The proposed amendments, therefore, are not futile for want of jurisdiction.

Lastly, Defendants contend that Plaintiff failed to adequately allege a copyright claim. (Opp., ECF No. 91, at 31-33.) The parties agree on the elements required for such a claim but dispute whether Plaintiff has properly described the acts of copyright infringement. Id.; Reply, ECF No. 94, at 15-16; see also Bradshaw v. Am. Inst. for History Educ., No. 12-1367, 2013 WL 1007219, at *3 (D.N.J. Mar. 13, 2013) (collecting cases and enumerating elements for claim of copyright infringement). The Court concurs with Plaintiff that allegations of "misappropriat[ion]" through a "substantially similar" device are sufficient at this early stage. See Reply at 15-16, n.13 (citations omitted). Accordingly, the proposed amendment is not futile.

In light of the foregoing, the Court affords Plaintiff leave to file an amended complaint.

**ACCORDINGLY, IT IS** on this 10th day of July, 2017,

**ORDERED** that Plaintiff's motion (ECF No. 84) is granted; and

**ORDERED** that the Clerk shall terminate ECF No. 84; and

**ORDERED** that Plaintiff shall file an amended complaint consistent with this Order no later than July 24, 2017.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**

---

[4] The Court declines to address the parties' dispute regarding pendent personal jurisdiction and whether it applies in this Circuit. See Opp., ECF No. 91, at 23-24; Reply, ECF No. 94, at 9-10.